IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAY 17 2011

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

| | |
|---|---|
| RON BROWN, and VIVIAN GARCIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>J.P. TURNER & COMPANY,<br><br>Defendant. | CIVIL ACTION NO.<br>1:09-CV-2649-JEC |

### ORDER & OPINION

This case is presently before the Court on defendant's Motion to Dismiss Plaintiff's Class Action Complaint [21]. The Court has reviewed the record and the arguments of the parties, and for the reasons set out below, concludes that defendant's Motion to Dismiss [21] should be **GRANTED**.

### BACKGROUND

This class action arises out of an alleged Ponzi scheme orchestrated by third party Provident Royalties, LLC ("Provident"). Plaintiffs invested in Provident, an entity that they believed to be involved in oil and gas exploration, by purchasing securities in Provident's affiliate Shale Royalties ("SR"). (Compl. [1] at ¶ 1.) Plaintiffs purchased the securities through a series of private

placement offerings (the "Offerings") that were promoted and sold by a network of broker-dealers, including defendant. (*Id.*)

Each Offering was accompanied by a Private Placement Memorandum ("PPM") that purported to describe the nature of the underlying investment. (*Id.* at ¶ 9.) Plaintiffs claim that the PPMs contained material misstatements and omissions that served to hide Provident's fraudulent nature. (*Id.* at ¶¶ 9, 41-43.) Plaintiffs do not allege that defendant drafted the PPMs, or otherwise participated in Provident's business operations. (*Id.*) However, plaintiffs assert that defendant fraudulently and/or negligently distributed the false PPMs to investors. (Compl. [1] at ¶ 51.)

Provident's scheme began to unravel in January, 2009, when it stopped accepting new investors and suspended dividend payments and redemptions. (*Id.* at ¶ 11.) Shortly thereafter, Provident filed for Chapter 11 bankruptcy in the Northern District of Texas. (*Id.* at ¶ 12.) While the bankruptcy was pending, the SEC filed suit against Provident, alleging federal securities fraud. (*Id.* at ¶ 13.) In conjunction with its suit, the SEC obtained a freeze on Provident's assets and appointed a receiver to recover assets on behalf of Provident's investors. (*Id.*)

Plaintiffs subsequently filed this class action on behalf of themselves and other Provident investors who purchased securities through defendant. (Compl. [1] at ¶ 56.) In their complaint, plaintiffs allege that defendant's role in the Provident affair

2

violated Georgia securities law and various other common law duties. (*Id.* at ¶¶ 64-86.) They assert claims against defendant for: (1) failure to comply with the notice and registration requirements of the Georgia Securities Act ("GSA") of 1973, (2) fraud in the offer and sale of securities in violation of the GSA, (3) common law negligence, and (4) negligent misrepresentation. (*Id.*) Plaintiffs state that the Court has jurisdiction over their claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[1]

Defendant has filed a motion to dismiss the complaint under Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Def.'s Mot. to Dismiss [21].) Defendant argues that the complaint does not comply with Rule 9(b) because it (1) is pled on "information and belief" and (2) lacks specific allegations concerning the circumstances surrounding defendant's alleged misrepresentations. (Def.'s Br. in Supp. of Mot. to Dismiss ("Def.'s Br.") [21] at 3.) In addition, defendant contends that plaintiffs' negligence claims are legally deficient because defendant did not have a duty to discover or disclose Provident's fraud.[2] (*Id.*)

---

[1] Pursuant to the CAFA, the Court has original jurisdiction of a class action when the matter in controversy exceeds $5 million, the putative class consists of more than 100 people, and any member of the class is diverse from any defendant. *See* 28 U.S.C. § 1332(d)(2) and (5) and *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1193-94 (11th Cir. 2007)(applying the CAFA).

[2] Defendant also argues that the claims are preempted by the Securities Litigation Uniform Standards Act ("SLUSA"). (Def.'s Br. [21] at 3-4.) Although it is unnecessary to address this argument, the Court notes its agreement with plaintiffs that the securities at

3

## DISCUSSION

### I. Motion To Dismiss Standard

In deciding a motion to dismiss, the Court assumes that all the allegations in the complaint are true and construes the facts in favor of the plaintiff. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005) (citation omitted). That said, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### II. Dismissal Under Rule 9(b)

Cases alleging fraud or misrepresentation must meet the heightened pleading requirements of Federal Rule 9(b). FED. R. CIV. P. 9(b)("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). To satisfy Rule 9(b), the complaint must identify:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and
>
> (2) the time and place of each such statement and the person responsible for making (or, in the case of

---

issue are not "covered securities" under SLUSA, and thus are not subject to the Act. *See* 15 U.S.C. § 77r(b).

4

    omissions, not making) same, and

(3) the content of such statements and the manner in which they misled the plaintiff, and

(4) what the defendant[] obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

All of plaintiffs' claims arise out of the same allegedly fraudulent conduct. (Compl. [1] at ¶¶ 64-86.) Accordingly, the entire complaint must comply with Rule 9.[3] *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006)("even [a] securities claim[] without a fraud element must be pled with particularity pursuant to [Rule 9(b)] when th[e] nonfraud securities claim is alleged to be part of a defendant's fraudulent conduct") and *Next Century Comm'n Corp. v. Ellis*, 318 F.3d 1023, 1030 (11th Cir. 2003)("'the same principles apply to both fraud and negligent misrepresentation'")(quoting *Artzner v. A & A Exterminators, Inc.*, 242 Ga. App. 766 (2000)). As discussed below, the complaint in this case does not meet the requirements of Rule 9(b). Accordingly, defendant's motion to dismiss the complaint [21] is **GRANTED**.

**A. Plaintiffs impermissibly plead on information and belief.**

Most of the factual allegations underlying the complaint, and all of the allegations supporting Count I, are pled "on information

---

[3] Plaintiffs concede that Counts II, III, and IV must satisfy Rule 9(b), and they do not offer any argument or authority as to why Count I is not also subject to the Rule. (Pl.'s Resp. Br. [33] at 16.)

5

and belief." (Compl. [1] at ¶¶ 21-26, 28-29, 31-39, 67.) Under Rule 9(b), pleading on information and belief is only permissible "[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control." *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3rd Cir. 2002). *See also Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002)(noting that pleadings generally cannot be based on information and belief when Rule 9(b) applies). In such cases, the complaint still "must adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard." *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2nd Cir. 1990).

Plaintiffs do not meet either of the above requirements. Plaintiffs state in their brief that "details about defendant's wrongdoing lie particularly within [defendant's] knowledge." (Pls.' Resp. Br. [33] at 18.) However, plaintiffs do not offer any further explanation as to why that might be the case. (*Id.*) Plaintiffs concede that defendant did not draft the allegedly misleading PPMs, and that defendant was not otherwise involved in Provident's business operations. (*Id.*) Thus, it is unclear how defendant would be in any better position than plaintiffs to discover the details about the misrepresentations underlying this case. Neither is there a strong inference of fraud on the part of defendant, given plaintiff's failure to allege that defendant actually participated in Provident's misconduct.

6

Plaintiffs apparently seek to avoid the above inquiry by arguing that the "three essential purposes" of Rule 9(b) are satisfied in this case: (1) the suit is not a pretext for discovering unknown wrongs, (2) defendant's reputation will not be tarnished, and (3) the allegations are particular enough to allow defendant to formulate a defense. (*Id.* at 18-19.) Plaintiffs do not cite any legal authority in support of their argument for expanding the circumstances under which a complaint may be pled on information and belief under Rule 9. Moreover, defendant persuasively argues that its reputation will likely suffer as a result of plaintiffs' allegations that it fraudulently disseminated false investment material to its clients.

Count I of plaintiffs' complaint is pled entirely on information and belief. (Compl. [1] at ¶ 64.) The Court thus **GRANTS** defendant's motion to dismiss Count I. To the extent plaintiffs plead other underlying factual allegations on information and belief, the Court disregards those allegations in ruling on defendant's motion to dismiss the remaining counts in the complaint.

**B. Plaintiffs fail to plead the essential elements of fraud.**

In Count II of the complaint, plaintiffs assert a claim for securities fraud under the GSA. (Compl. [1] at ¶¶ 69-75.) To prevail on this claim, plaintiffs must show: "(1) a misstatement or omission, (2) of a material fact, (3) made with scienter, (4) on which plaintiff[s] relied, (5) that proximately caused [their] injury." *GCA Strategic Inv. Fund, Ltd. v. Joseph Charles & Assoc.,*

7

*Inc.*, 245 Ga. App. 460, 464 (2000). *See also Pelletier v. Zweifel*, 921 F.2d 1465, 1511 (11th Cir. 1991)(discussing the elements of a securities fraud claim under Georgia law). The complaint is deficient as to the most fundamental elements: (1) a misstatement or omission by defendant and (2) scienter. Accordingly, the Court **GRANTS** defendant's motion to dismiss Count II.

    1.   A Misstatement Or Omission

In support of Count II, plaintiffs allege that defendant "offered and sold securities issued by [Provident] . . . via verbal false and misleading statements and omissions." (Compl. [1] at ¶ 71.) Plaintiffs do not provide any more detail about the alleged "statements and omissions" in Count II. (*Id.*) However, plaintiffs clarify in Count IV and in their briefing that the "statements and omissions" consist solely of defendant's provision of PPMs containing the misstatements of third party Provident. (*Id.* at ¶ 84 and Pl.'s Resp. Br. [33] at 13, 20.)

In asserting a securities fraud claim based on defendant's circulation of Provident's PPMs, plaintiffs primarily rely on a divided panel decision from the First Circuit, *SEC v. Tambone* (*Tambone I*), 550 F.3d 106 (1st Cir. 2008). In *Tambone I* the Court held that an underwriter, as a result of its duty to review and confirm the accuracy of the material that it distributes, "impliedly makes a statement" to potential investors that "the information contained in the prospectus . . . is truthful and complete." *Id.* at

8

135.

Based on this authority, plaintiffs conclude that defendant similarly "made a statement" by circulating the investment information contained in Provident's PPMs. The Court rejects this conclusion, for several reasons.

As an initial matter, the underlying rationale of *Tambone I* is based on the duty of an underwriter to review and confirm the accuracy of the material it distributes. *Id.* Defendant is not an underwriter, but a broker. (Pls.' Resp. Br. [33] at 12.) Plaintiffs do not cite any authority to suggest that a broker has the same duty as an underwriter to ensure the accuracy of investment materials. (*Id.*) Neither do plaintiffs offer any other principled argument for applying the rule announced in *Tambone I* to a broker. (*Id.*) Thus, it does not appear that *Tambone I* is applicable here.

In any case, *Tambone I* is no longer good law. In *Tambone II* the First Circuit, in an *en banc* decision, expressly rejected the "implied representation" theory endorsed in *Tambone I*. *Tambone II*, 597 F.3d 436, 442-43 (1st Cir. 2010). Specifically, the *Tambone II* Court held that a securities professional does not "make a statement" merely by disseminating information created by others. *Id.* In so holding, the Court found no authority in any Circuit that would permit a securities fraud claim based merely on disseminating information created by a third party. *Id.* at 447 (comparing the relatively lenient standard used by the Ninth Circuit for establishing securities fraud with the more stringent "bright-line"

9

test used by the Second, Tenth, and Eleventh Circuits).

### 2. Scienter

Plaintiffs also fail to adequately plead scienter. In their only allegation addressing this element, plaintiffs state that defendant "acted with scienter, a state of mind which can be averred generally." (Compl. [1] at ¶ 72.) Although Rule 9(b) allows for scienter to be alleged generally, the GSA demands that scienter be pled "with particular facts that give rise to a strong inference that the defendant acted in a severely reckless manner." *GCA Strategic Inv. Fund, Ltd.*, 245 Ga. App. at 464. In this context, "'[s]evere recklessness is limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care.'" *Id.* (quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1282 (11th Cir. 1999)). Plaintiffs' "general" averment of scienter clearly is deficient under Georgia law.

### C. Plaintiffs do not include sufficient facts to support a claim of negligence or negligent misrepresentation.

Plaintiffs concede that their negligence claims are subject to the heightened pleading requirements of Rule 9(b). (Pls.' Resp. Br. [33] at 16.) However, plaintiffs fail to address defendant's argument that Counts III and IV do not comply with Rule 9. (*Id.*) Plaintiffs' failure to respond is in itself grounds for the Court to rule in favor of defendant. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (discussing the consequences

10

of failing to respond to arguments presented in a motion) and *Kirkland v. County Comm'n of Elmore County, Alabama*, 2009 WL 596538 at *2 (M.D. Ala. 2009)(Fuller, C.J.)(collecting cases from this Circuit holding that the failure to respond to a legal argument constitutes abandonment and warrants dismissal of a claim).

Moreover, defendant's argument is persuasive on the merits. The complaint fails to plead the circumstances underlying plaintiffs' negligence and negligent misrepresentation claims with any particularity. Indeed, the allegations offered in support of Counts III and IV are essentially generic recitations of the elements of each claim. (*See* Compl. [1] at ¶¶ 77, 83.) Such conclusory allegations do not meet the general pleading requirements of Federal Rule 8, much less the heightened requirements of Rule 9. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)("conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"). Accordingly, the Court **GRANTS** defendant's motion to dismiss Counts III and IV of the complaint.

## II.  Dismissal Under Rule 12(b)(6)

As an alternative ground for granting defendant's motion as to Counts III and IV, the Court finds that dismissal of both Counts is warranted under Federal Rule 12(b)(6). To prevail on the negligence claim asserted in Count III, plaintiffs must show, among other things, that defendant owed a legal duty to plaintiffs. *McKenna Long*

11

& *Aldridge, LLP v. Keller,* 267 Ga. App. 171, 173 (2004)("the element of duty . . . is necessary to every lawsuit based upon a theory of negligence")(internal citations omitted). Plaintiffs do not allege any facts, or cite any Georgia authority, to support their conclusory statement that defendant owed a duty to confirm the accuracy of Provident's statements in the PPMs. Neither has the Court found any Georgia authority that imposes a duty on a broker to conduct due diligence concerning the investment materials it provides to clients.

In an attempt to bolster their negligence claim, plaintiffs impermissibly seek to raise the new argument that defendant contracted with plaintiffs to receive a fee in exchange for performing due diligence. (Pls.' Resp. Br. [33] at 14-15.) Such an allegation, made for first the time in response to a motion to dismiss, is plainly inappropriate. *See Milburn v. U.S.*, 734 F.2d 762, 765 (11th Cir. 1984)("[c]onsideration of matters beyond the complaint is improper in the context of a motion to dismiss"). Moreover, even if the Court were to consider the new allegation, the complaint would still be deficient because plaintiffs do not allege that they relied in any way on defendant's efforts. Nor would such reliance be reasonable, as the PPMs expressly advise potential investors that they should only rely on information provided by Provident itself. (Pls.' Resp. [33] at Ex. A.)

The negligent misrepresentation claim asserted in Count IV is similarly deficient. To prevail on this claim, plaintiffs must

12

establish: "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance." *Mitchell v. Georgia Dep't of Cmty. Health*, 281 Ga. App. 174, 177 (2006). As alleged, the complaint is clear that the source of the misrepresentations was Provident, not defendant. (Compl. [1] at ¶ 84.) Having failed to show that the PPMs contain statements that are attributable to defendant, or that defendant had a duty to verify the accuracy of the PPMs, Count IV necessarily fails. For these additional reasons, the Court **GRANTS** defendant's motion to dismiss Counts III and IV of the complaint.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's Motion to Dismiss Plaintiff's Class Action Complaint [21]. Pursuant to this Order, the clerk is directed to **CLOSE** this case.

SO ORDERED, this <u>17</u> day of May, 2011.

/s/ Julie Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE